# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MANUEL HANDBERRY, | ) | |
|     Plaintiff, | ) | C.A. No. 16-2 Erie |
| | ) | |
| v. | ) | |
| | ) | **District Judge Rothstein** |
| ERIE COUNTY PRISON, | ) | **Magistrate Judge Baxter** |
|     Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

It is respectfully recommended that this case be dismissed for Plaintiff's failure to prosecute.

### II.    REPORT

#### A.    Relevant Procedural History

Plaintiff Manuel Handberry, an adult resident of Erie, Pennsylvania, filed this *pro se* civil rights action on January 4, 2016. On April 6, 2016, this Court issued an Order directing Plaintiff to provide USM-285 form service instructions so that Defendant can be properly served with the complaint in this matter [ECF No. 6]. This Order specified that Plaintiff's failure to provide the required service form within such time may result in the dismissal of this action for failure to prosecute. To date, Plaintiff has failed to provide the required service instructions to the United States Marshal to allow this case to proceed.

#### B.    Discussion

The United States Court of Appeals for the Third Circuit has set out a six-factor

1

balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this case. For the last several months, Plaintiff has taken none of the necessary steps to prosecute this case against Defendants. In particular, Plaintiff has failed to comply with an Order of this Court. Alternative sanctions, such as monetary penalties, are deemed inappropriate. Thus, this case should be dismissed due to Plaintiff's failure to prosecute.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that this case be dismissed for Plaintiff's failure to prosecute.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir.

2011).

                                                /s/ Susan Paradise Baxter
                                                SUSAN PARADISE BAXTER
                                                United States Magistrate Judge

Dated: June 16, 2016

cc:      The Honorable Barbara Rothstein
          United States District Judge